JENCKES SPINNING COMPANY *vs.* NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY.

DECEMBER 12, 1924

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

RATHBUN, J.   This is an action of assumpsit to recover for the loss of 7 bales of cotton from a shipment of 50 bales in one car from Darlington, R. I. to Gastonia, N. C.   The case was heard before a justice of the Superior Court sitting with a jury.   By agreeement of counsel, at the conclusion of the taking of testimony, the jury was excused and the issues were submitted to said justice who rendered a decision for the plaintiff for $2,958.49 with interest from the date of the writ.   The case was brought to this court on defendant's exceptions to certain rulings admitting evidence and also on exceptions to said decision on the grounds that said decision was against the law and the evidence and the weight thereof.

At the time of the shipment the Darlington Warehouse Company held in its warehouse at Darlington for account of plaintiff 150 bales of cotton.   On the morning of September 7, 1920, said company, at the direction of the plaintiff, loaded said cotton on three box cars, which the defendant had placed

on a siding adjacent to said warehouse, placing 50 bales in each car. The car from which the 7 bales were missing was Southern Railway Co. car No. 304,116. The cars were sealed by the defendant sometime between September 7 and September 9. In the afternoon of September 7 the treasurer of the Darlington Warehouse Co. made out and executed on behalf of the shipper, said warehouse company, an order bill of lading which he presented to the defendant's duly constituted freight agent at Darlington and said agent on said date executed said bill of lading on behalf of the defendant. No representative of the defendant, either before or after the execution of the bill of lading, checked the contents of said cars. On September 9 the cars, properly sealed, were taken by the defendant from said siding and transported to Gastonia, the place of destination, by the defendant and other carriers. The cars arrived at Gastonia on September 24 and were on the same day placed on a siding adjacent to the plaintiff's mill. On the following day when the cotton was unloaded it was discovered that 7 bales were missing from one car. The persons who unloaded the cotton from the car from which the 7 bales were missing found the original seal on one door but did not ascertain whether the seal on the other door had been broken and it does not appear that anyone examined both doors of said car after it arrived at Gastonia. The conductor in charge of the train which delivered said cars at their destination stated in his deposition that according to his records the seals on both doors of the car in question were unbroken, but how or by whom the records were made does not appear.

The defendant's theory is that the missing cotton must have been stolen either before the cars were taken by the defendant from the siding where they were loaded or after said cars were delivered on the siding at Gastonia. The defendant contends that the siding on which the cars were loaded and the siding on which said cars were delivered were private sidings and relies upon a condition in the bill of lading, as follows: "Property destined to or taken from a

station, wharf, or landing at which there is no regularly appointed agent shall be entirely at risk of owner after unloaded from cars or vessels or until loaded into cars or vessels, and when received from or delivered on private or other sidings, wharves, or landings shall be at owner's risk until the cars are attached to and after they are detached from trains."

It is clear that neither of said sidings was a strictly private siding. The defendant had the right to use the siding at which the cars were loaded for the reception and delivery of freight to the general public and the Southern Railway Co. had similar rights in connection with the siding on which the cars were delivered at Gastonia. Said justice did not determine, and it was unnecessary to determine, whether each of these sidings, although evidently constructed mainly for the convenience of a particular plant, was in fact a part of the terminal system at a station where there is a "regularly appointed agent." (See *Yazoo & M. V. R. R. Co.* v. *Nichols*, 256 U. S. 540). The bill of lading is an acknowledgment of the receipt of the missing cotton by the defendant. It would have been competent for the defendant to show that it did not receive the 7 bales in question but no evidence was offered tending to prove that the defendant did not receive all of the cotton described in the bill of lading. It must therefore be taken as established that the defendant received said 7 bales of cotton. 10 C. J., at 199, contains the following statement: "It is nowhere questioned that a bill of lading is *prima facie* evidence of the receipt of the goods by the carrier." There is also in the case undisputed evidence on which to base a finding that the missing cotton was not stolen after the cars were placed on the siding at Gastonia and hence that said cotton was not delivered by the last forwarding carrier.

The remaining exceptions must be deemed to have been waived as they were not briefed by defendant's counsel.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Henshaw & Sweeney, Charles A. Walsh, John W. Baker,* for plaintiff.

*Eugene J. Phillips, Forrest Shepherd,* for defendant.